# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| MICHAEL SWANSON-EL, | ) |
| Petitioner, | ) Case No. 7:15CV00398 |
| v. | ) **OPINION** |
| CHRISTOPHER ZYCH, | ) By: James P. Jones |
| | ) United States District Judge |
| Respondent. | ) |

The petitioner, Michael Swanson, an inmate at the United States Penitentiary in Lee County, Virginia, filed this action, pro se, as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Swanson alleges that he should be resentenced, because his federal criminal sentence as imposed is unlawful under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Upon review of the record, I conclude that Swanson's claim for relief under § 2241 in this court must be summarily denied without prejudice. I will, however, construe the submission as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, and transfer it to the sentencing court.

Swanson was convicted in the United States District Court for the Central District of Illinois on one count of aggravated bank robbery and sentenced to 264 months in prison. The court of appeals affirmed his conviction. *United States v. Swanson*, 55 F. App'x 761 (7th Cir. 2003) (unpublished). Swanson indicates that

his prior motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255, filed in the sentencing court, was also unsuccessful. Swanson now petitions this court under § 2241 for habeas corpus relief under the *Johnson* decision, which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), violates the Constitution's guarantee of due process.

As stated, Swanson's claim challenges the legality of his federal sentence as imposed. Such claims must normally be raised on appeal or in a § 2255 motion in the sentencing court. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Petitioner's § 2241 petition raising such claims is barred unless it meets the stringent standard mandated under the *Jones* decision. 226 F.3d at 333-34 (finding that challenge to federal conviction is barred from review under § 2241 absent a showing that under a post-conviction change in the law, petitioner's offense conduct is no longer criminal); *see also United States v. Surratt*, No. 14-6851, 2015 WL 4591677 (4th Cir. July 31, 2015) (applying *In re Jones* to bar § 2241 sentencing relief under retroactive appellate court decision issued after petitioner's initial § 2255 motion, because petitioner's offense conduct remained criminal).

The current petition fails to state facts on which Swanson could satisfy the *Jones* standard. Because the *Johnson* decision had no effect on the criminality of his offense conduct — aggravated bank robbery — he cannot proceed with his

-2-

Case 7:15-cv-00398-JPJ-RSB   Document 6   Filed 09/10/15   Page 2 of 3   Pageid#: 36

claim under § 2241.  Therefore, I will deny without prejudice Swanson's claim under § 2241 for sentencing relief under *Johnson*.  I will also construe Swanson's submission as a § 2255 motion, however, which will be transferred to the United States District Court for the Central District of Illinois.

A separate Final Order will be entered herewith.

DATED:  September 10, 2015

/s/  James P. Jones
United States District Judge